PER CURIAM.
We reverse the denial of appellant’s motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, and the denial of rehearing from that order. Appellant first claims that his habitual offender sentence, imposed after revocation of probation, is illegal because it could not have been imposed originally. He claims he did not receive written notice of intent to habitualize when he entered his original plea. Ashley v. State, 614 So.2d 486 (Fla.1993). We recently have held that the appropriate way to raise an Ashley violation is by seeking to withdraw the plea in the trial court. Williams v. State, 22 Fla. L. Weekly D209, — So.2d — (Fla. 4th DCA Jan. 15, 1997). Appellant’s motion can be construed as containing all of the elements of a motion to withdraw his plea. We therefore remand to the trial court for an evidentiary hearing or attachments of portions of the record refuting his claim. See also State v. Jefferson, 665 So.2d 1057 (Fla.1996).
As an alternative, appellant also alleges that his counsel at the revocation hearing was ineffective for failing to challenge his habitual offender sentence on grounds of Ashley. The state acknowledges the propriety of reversal and remand on this interrelated issue because the trial court’s order did not attach documents refuting this point.
Reversed and remanded for attachment of portions of the record refuting appellant’s claims, or an evidentiary hearing.
DELL, WARNER and KLEIN, JJ., concur.